IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANET L. LANDON and JOHN A. LATSCHAR**, individually and as Administrators of the Estate of Aaron Landon Latschar, Deceased, | : CIVIL ACTION NO. 1:21-CV-2055 <br> : <br> : (Judge Conner) <br> : |
| **Plaintiffs** | : |
| v. | : |
| **SOLUCIONES COSMETICAS SA de CV**, *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 18th day of December, 2023, upon consideration of the motion (Doc. 83) for relief from judgment under Federal Rules of Civil Procedure 21 and 60(b)(1), (3), and (6), filed by plaintiffs Janet L. Landon and John A. Latschar, and the brief in support thereof (Doc. 85), wherein plaintiffs move the court to vacate its January 18, 2023 order (Doc. 80) dismissing the case for lack of subject matter jurisdiction, to reinstate the second amended complaint, and to dismiss the non-diverse defendant, Kennie's Markets, Inc.,[1] on the ground that certain

---

[1] Plaintiffs' initial complaint named Wal-Mart as a defendant. (See Doc. 1 ¶¶ 16-19). Upon learning that Wal-Mart was not in the chain of distribution for the product that allegedly contributed to the death of plaintiffs' son, Aaron Landon Latschar, plaintiffs did not include Wal-Mart in their second amended complaint and instead named Kennie's Markets, Inc., which they had cause to believe was in the chain of distribution. (See Doc. 58 ¶¶ 16-18). Kennie's is a Pennsylvania corporation, so its addition destroyed diversity and deprived this court of subject matter jurisdiction; plaintiffs did not oppose defendants' motion to dismiss on those grounds because they intended to pursue their case in state court. (See Docs. 77, 78, 79). Plaintiffs filed a praecipe to transfer the case to the Court of Common Pleas

defendants allegedly breached an agreement to transfer the case to state court by raising preliminary objections in that action, (see Doc. 85 at 4-6),[2] and also because defendant Soluciones Cosmeticas "may never face justice in American court" if the case is not reinstated, (see id. at 6),[3] and further upon consideration of the briefs (Docs. 86, 87) in opposition filed by defendants Bunzl Distribution MidAtlantic, LLC, and New York Packaging II, LLC, respectively, along with their sur-replies

---

of Adams County on March 23, 2023—61 days after we dismissed the matter. (See Docs. 81, 82; see also Doc. 102-1 at 2, 7).

[2] Defendants filed preliminary objections before the Court of Common Pleas of Adams County, arguing that plaintiffs' praecipe to transfer did not comply with Pennsylvania's Savings Statute or with a rule of court. See 42 PA. STAT. AND CONS. STAT. ANN. § 5103 (when a federal court action in Pennsylvania is dismissed for lack of subject matter jurisdiction, it may be transferred to a state court even after the statute of limitations has expired, provided that the federal action was timely filed); PA. R. CIV. P. 440 (establishing requirements for service of process). The Adams County court ultimately sustained those objections, finding that plaintiffs failed to promptly file the praecipe to transfer and failed to diligently obtain certified copies of all relevant pleadings from this court—and that "[t]his lack of action [was] indicative of a lack of good[]faith." (See Doc. 102-1 at 8); see also Williams v. F.L. Smithe Mach. Co., Inc., 577 A.2d 907, 910 (Pa. Super. Ct. 1990) ("[I]n order to protect the timeliness of an action under [Section 5103], a litigant, upon having his case dismissed in federal court, must promptly file a certified transcript of the final judgment . . . and, at the same time, a certified transcript of the pleadings"). Plaintiffs seemingly argue that by filing those preliminary objections, defendants breached an understanding between the parties that would have allowed the action to proceed in state court.

[3] Plaintiffs suggest Soluciones may escape justice because official certification from Mexican authorities that it had been served under Article V of the Hague Service Convention "was only received after the [federal] case was dismissed." (Doc. 85 at 6). They fail to articulate how this fact is relevant, nor do they develop any colorable argument in connection with Rule 60(b). Plaintiffs assented to dismissal and opted to transfer the case to state court knowing that they had yet to confirm service to Soluciones. And the presence or absence of Soluciones had no impact on plaintiffs' ability to timely file a praecipe to transfer. Whether Soluciones escapes justice in American courts is not a consequence of our dismissal order but of plaintiffs' lack of diligence *post hoc*.

(Docs. 89-1, 90-1) disputing the existence of any agreement, and the court noting that relief under Rule 60(b)(1) is proper when dismissal resulted from "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), and that under Rule 60(b)(3), a moving party must establish by clear and convincing evidence that the non-moving party "engaged in fraud or other misconduct . . . prevent[ing] the moving party from fully and fairly presenting his case," Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983); Lazar v. Little, 623 F. Supp. 3d 518, 523 (E.D. Pa. 2022) (citing Brown v. Pennsylvania R. Co., 282 F.2d 522, 527 (3d Cir. 1960)), and that relief under Rule 60(b)(6) "may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur," Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993), but that extraordinary circumstances "rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices," Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008), and that Rule 21 allows a court to add or drop a party "[o]n motion or on its own . . . at any time, on just terms," FED. R. CIV. P. 21, and the court addressing each of plaintiffs' arguments *seriatim*: *first*, with respect to Rule 60(b)(1), the court observing that the January 18, 2023 dismissal order was not the product of "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), but rather resulted from plaintiffs' own strategic decision not to oppose defendants' motion to dismiss on jurisdictional grounds so as to be able to sue Kennie's, a non-diverse defendant, in state court, (see Doc. 79; see also Doc. 80); and *second*, with respect to Rule 60(b)(3), the court acknowledging that plaintiffs have failed to even allege—let alone provide clear and

3

convincing evidence, see Brown, 282 F.2d at 527—that defendants engaged in fraud, misrepresentation, or misconduct that prevented plaintiffs from "fully and fairly presenting [their] case," Stridiron, 698 F.2d at 207, or that defendants agreed to proceed in state court regardless of plaintiffs' compliance with the Pennsylvania Savings Statute;[4] and *third*, the court turning to Rule 60(b)(6) and finding that no such extraordinary circumstances exist here, especially in light of the fact that the judgment in this case was a product of plaintiffs' knowing, voluntary, and deliberate litigation strategy, see Budget Blinds, 536 F.3d at 255, and the court further noting that Rule 21 is a mechanism for retaining jurisdiction by dropping a non-diverse, dispensable party while the case is pending before the district court, see Haiying Xi v. Shengchun Lu, 226 F. App'x. 189, 191 (3d Cir. 2007) (*per curiam*) (nonprecedential) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989)), but does not provide authority to act in a case over which a court no longer has jurisdiction, as here, and the court observing that plaintiffs filed a notice of voluntary dismissal (Doc. 100) pertaining to Kennie's, and that Bunzl and New York Packaging filed motions (Docs. 102, 104) to strike plaintiffs' notice because there is no pending matter before this court from which the non-diverse defendant can be dismissed, (see Doc. 105 at 5), and the court concluding that

---

[4] As the state court noted, plaintiffs could have continued to litigate their claims in state court against all defendants had they simply complied with the Savings Statute by timely filing a praecipe to transfer instead of waiting two months to act. (See Doc. 102-1 at 11) ("The Rule for transfer of a federal case to state jurisdiction is not onerous and is clear in its requirement."); see also *supra* n.2.

4

plaintiffs' motion for relief under Rules 21 and 60(b) is without merit, rendering plaintiffs' notice a nullity, it is hereby ORDERED that:

1. Plaintiffs' motion (Doc. 83) to vacate the court's January 18, 2023 order (Doc. 80) and reopen the case is DENIED.

2. Defendants' motions (Docs. 102, 104) to strike plaintiffs' notice of voluntary dismissal (Doc. 100) are DENIED as moot.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania